## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MARK A. LARACE,
TAMMY L. LARACE

               Petitioners

v.

WELLS FARGO BANK, N.A. AS
TRUSTEE FOR ABFC 2005-OPT1 TRUST
ABFC ASSET BACKED CERTIFICATES
SERIES 2005-OPT1, AMERICAN HOME
MORTGAGE SERVICING, OPTION ONE
MORTGAGE COMPANY,

               Respondents

CIVIL ACTION NO.   12-cv-11545 KPN

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PETITION TO TRY TITLE PURSUANT TO G. L. CH. 240, §§ 1-5 BY WELLS FARGO
BANK, N.A. AS TRUSTEE FOR ABFC 2005-OPT1 TRUSTEE ABFC ASSET BACKED
CERTIFICATES SERIES 2005-OPT1 AND AMERICAN HOME MORTGAGE
SERVICING, INC.**

## I.    INTRODUCTION

Petitioners have misinterpreted *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637 (2011) to

contend that the title to his property is clouded by an adverse claim.  No such adverse claim

exists.  *Ibanez* invalidated the foreclosure upon Petitioners' property, but did not invalidate the

mortgage or the assignment of mortgage.  The mortgage remains in force and, as a matter of law,

does not constitute a claim that is adverse to Petitioners, which is required to sustain a petition to

try title.

A try title action may be brought only where record title is "clouded by an adverse

claim."  A mortgagee's and mortgagor's interest is not adverse so long as the mortgage exists.

Since respondent, Wells Fargo Bank, N.A. As Trustee For ABFC 2005-OPT1 Trust ABFC Asset

Backed Certificates Series 2005-OPT1 ("Wells Fargo as Trustee"), is the mortgagee and current

holder of the Petitioners' mortgage and Petitioners are still the mortgagors, the Petition pursuant to M.G.L. c. 240, § § 1-5 is improper because there can be no adverse claim between a mortgagor and mortgagee as a matter of law.   Accordingly, the Petition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Moreover, the Petition asserts no allegations against Homeward Residential, Inc. formally known as American Home Mortgage Servicing, Inc. ("Homeward") other than claiming that it is engaged in the business of "mortgage servicing." As such, the Petitioners also cannot maintain an action against Homeward as they have failed to make an adverse claim against it. Thus, the Petition as to Homeward should be dismissal as well.

## II.   RELEVANT FACTS AND PROCEDURAL HISTORY

The Petitioners filed the instant Petition to try title pursuant to M.G.L. c. 240, § § 1-5 requesting that the Respondents "be summonsed to show cause why they should not be required to bring an action to try title," and "if Respondents and others do not appear within the time required by law and/or fail to bring an action to Quiet Title within the time limits set by this Court, that this Court enter an Order that Respondents and others seeking to claim an interest in the premises, be forever barred from having or enforcing any claim to title in the property."[1]

The Petitioners acquired record title to 6 Brookburn Street, Springfield, Massachusetts 01119 ("the Property") pursuant to a quitclaim deed executed on May 16, 2005 and recorded at the Hampden County Registry of Deeds on May 19, 2005 in Book 15029, Page 504.  (Petition at ¶ 7).  In conjunction with their purchase of the Property, the Petitioners executed a mortgage note for $103,000.00 that was made payable to Option One Mortgage Corporation ("Option One").

---

[1] All of the facts in this section are taken directly from the Petition and its exhibits.  However, in the event that this Motion to Dismiss is denied, Wells Fargo as Trustee and Homeward reserve their rights to contest the allegations in the Petition.

(*Id*. at ¶ 9).  The Petitioners "also purportedly transferred their interest in the premises through their execution of a mortgage as a security for the underlying purported note described above, by specifically granting Option One the power of sale for breach of condition, under G. L. c. 244, § 14, subject to the [Petitioners'] statutory right of redemption under G. L. c. 244, § 18, which was executed and recorded on [sic] the Hampden County Registry of Deeds on May 19, 2005 at Book 15029, Page 507" ("Mortgage").  (*Id*. at ¶ 10).  Also on May 19, 2005, the Petitioners granted a second mortgage to Option One Mortgage Company to secure the amount of $25,800.00, which mortgage was also recorded at the Hampden County Registry of Deeds on May 19, 2005, at Book 15029, Page 517.  (*Id*. at ¶ 12).

The Petitioners further allege that Wells Fargo as Trustee contends that it was assigned the Mortgage in conjunction with the securitization process of the Petitioners' loan.  (*Id*. at ¶ 14 and Exhibit A annexed thereto).  Thereafter, an Assignment of Mortgage was executed on May 7, 2008 by Option One, which assigned and transferred to Wells Fargo as Trustee "[a]ll of the right, title, interest of said that Option One Mortgage Company in and to and under that certain Mortgage dated May 19, 2005, executed by [Petitioners] and recorded with the Hampden County Registry of Deeds at Book 15029, Page 507, describing the land therein as [the Property]" ("Assignment of Mortgage" or "Assignment").  (*Id*. at ¶ 15 and Exhibit B annexed thereto).  According to the Petition, Wells Fargo as Trustee's "claim to the title of the premises specifically is based upon the recorded Assignment of Mortgage."  (*Id*. at ¶ 16).

The Petitioners' conclusion that the *Ibanez* case invalidated the Assignment of Mortgage to Wells Fargo as Trustee is the only basis for their allegation that Respondents may assert an adverse claim to title.  (*Id.* at ¶¶ 15 – 25).  The Petitioners dispute the validity of the recorded Assignment of Mortgage as they allege that "it has been judicially determined to be false and

erroneous under the Massachusetts title theory jurisdictional case law." (*Id*. at ¶ 18). Specifically, the Petitioners allege that the *Ibanez* case, in which they were parties, ruled that the Assignment of Mortgage "was invalid, void and/or legally inoperative to convey the [Petitioners'] title to the premises to" Wells Fargo as Trustee. (*Id*. at ¶ 19).

The Petitioners allege that Wells Fargo as Trustee "continues to claim the ownership and/or rights thereunder to the title of the [Petitioners'] premises (mortgage) based solely on the recorded Assignment." (*Id*. at ¶ 22). As a result, the Petitioners contend that "[t]here exists the possibility of an adverse claim by Wells Fargo [as Trustee], against the [Petitioners'] title to the premises, as Respondents continue to rely on the invalid 2008 recorded assignment to assert dominion and control over the [Petitioners'] title." (*Id*. at ¶ 23).

## III.   ARGUMENT

### A.   Rule 12(b)(6) Standard

When reviewing a 12(b)(6) motion to dismiss, the court is required to construe "the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). However, "a plaintiff's pleading obligation still requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly* 550 U.S. at 556, 127 S.Ct. 1955). This is established when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Where the facts pleaded do not permit the court to infer more than the mere

4

possibility of misconduct, the complaint falls short, because the complaint has alleged, but not shown, "that the pleader is entitled to relief." *Id.* at 679, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "While legal conclusions can provide the frame work of a complaint, they must be supported by factual allegations." *Id.*

To determine if a complaint is pleaded sufficiently, a court begins by taking note of the elements a plaintiff must plead to state the claim asserted. *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). In this matter, the Petitioners cannot prove, as a matter of law, that an adverse claim exists as required to initiate a claim pursuant to M.G.L. c. 240, § 1, such that they fail to state a claim upon with relief can be granted.

**B.     The Petition Should Be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted Because No Adverse Claim Exists Between Petitioners and Wells Fargo as Trustee**

The Petitioners' action to try title is wholly premised on their erroneous conclusion that the Assignment of Mortgage to Wells Fargo as Trustee was deemed invalid by the Supreme Judicial Court ("S.J.C.") in *Ibanez*. Based on this, the Petitioners wrongfully assume that Wells Fargo at Trustee has an "adverse claim" clouding the title to the Property such that it should be summoned pursuant to M.G.L. c. 240, § 1 to show cause why it should not be required to bring an action to try title. However, because the Assignment of Mortgage was not invalidated by the *Ibanez* case and the Petitioners plead no other basis to support their Petition, Wells Fargo as Trustee does not have an "adverse claim" to the record title as matter of law and Petitioners have failed to state a claim upon which relief can be granted, necessitating dismissal of the Petition.

*(1)     Petitioners Cannot Sustain Their Try Title Claim as No Adverse Claim Exists*

The Petitioners seek to compel Wells Fargo as Trustee to show cause pursuant to M.G.L. c. 240, § 1 as to why it should not be required to bring an action to try title. The unambiguous

language of the try title statute provides that, to bring this claim, there must be an adverse claim or the possibility of an adverse claim clouding the record title.  M.G.L. c. 240, § 1 provides in pertinent part:

> If the record title of land is clouded by an adverse claim, or by the possibility thereof, a person in possession of such land claiming an estate of freehold therein … may file a petition in the land court stating his interest, describing the land, the claims and the possible adverse claimants so far as known to him, and praying that such claimants may be summoned to show cause why they should not bring an action to try such claim….

M.G.L. c. 240, § 1.  A try title action may be brought only where record title is "clouded by an adverse claim, or by the possibility thereof."  In this case, no such adverse claim exists.

The purpose of the try title statute is to allow a property owner to remain in possession while requiring that adverse claims be either asserted or disavowed rather than lingering indefinitely.  *Bevilacqua v. Rodriguez*, 460 Mass. 762, 769, 955 N.E.2d 884, 890 (2011).  Massachusetts law holds that a mortgagee's and mortgagor's interest in property is not adverse as long as the mortgage exists.  *Bevilacqua*, 460 Mass. at 775; *Lincoln v. Emerson*, 108 Mass. 87, 91 (1871).  Here, the Petitioners, who are the mortgagors, concede in their Petition that the Mortgage exists, but erroneously argue that Wells Fargo as Trustee is not the mortgagee.  Because Wells Fargo as Trustee is the mortgagee by virtue of an Assignment of Mortgage, its claim for legal title is not adverse to Petitioners' claim for equitable title such that there is no cloud to title.

A review of Massachusetts mortgage title transfer law demonstrates the lack of an adverse claim here.  Massachusetts is a "title theory" state.  "A real estate mortgage in Massachusetts has two distinct but related aspects: it is a transfer of legal title to the mortgaged property, it serves as security for an underlying note...that is, the transfer of title is made in order to secure the debt, and the title itself is defeasible when the debt is paid."  *Eaton v. Federal*

6

*National Mortgage Assoc.*, 462 Mass. 569, 575, 969 N.E.2d 1118 (June 22, 2012) citing *Ibanez*, *supra* at 649.   A mortgage conveys to the mortgagee a present estate in fee simple, defeasible on the performance of a certain condition by the mortgagor.   *Goodwin v. Richardson*, 11 Mass. 469, 475 (1814).   A mortgage splits the title in two parts: the legal title, which becomes the mortgagee's, and the equitable title, which the mortgagor retains.   *Maglione v. BancBoston Mortg. Corp.*, 29 Mass. App. Ct. 88, 90 (1990).   "So it is that the mortgagor retains an equity of redemption, and upon payment of the note by the mortgagor, the mortgagee's interest in the property comes to an end."   *Id.* (internal citation omitted).

"The mortgagor's equity of redemption is the basic right of the debtor to redeem the mortgage obligation after its due date, and ultimately to insist on foreclosure as the means of terminating the mortgagor's interest in the mortgaged real estate."   *Bevilacqua*, 460 Mass. at 775 (quoting RESTATEMENT (THIRD) OF PROPERTY (Mortgages) c. 3, Introductory note at 97 (1996). In Massachusetts, a mortgagor's equity of redemption exists until a foreclosure occurs.   *Id.* Following default, a mortgagee may enter and possess the property, but the mortgagee's title remains subject to the mortgagor's equity of redemption.   *Id.*   This state continues until either the mortgagee brings a foreclosure proceeding on the equity of redemption *or* the mortgagor redeems the property by paying the debt.   *Id.*   The point is, "a mortgage, by its nature, necessarily implies the simultaneous existence of two separate but complementary claims to the property that do not survive the mortgage or each other."   *Id.*   In other words, a mortgagor's possession of property under equity of redemption is not adverse to the mortgagee.   *Lincoln v. Emerson*, 108 Mass. 87, 91 (1871).   The fact that a mortgagee's and mortgagor's "economic interests may diverge," their claims to title in the Property are not adverse to each other. *Bevilacqua*, 460 Mass. at 776.

In this case, the Petitioners assert that on May 19, 2005, they "purportedly transferred their interest in the premises through execution of a mortgage as security for the underlying purported note."  This Mortgage split the title to the Property -- with Option One obtaining legal title to the Property, and the Petitioners retaining equitable title.  The Petitioners acknowledge that on May 12, 2008, the Assignment of Mortgage was recorded in the Hampden County Registry of Deeds and that this Assignment purports to transfer all rights, title, and interest to Petitioners' Mortgage to Wells Fargo as Trustee.  Following a quiet title action brought by Wells Fargo as Trustee, the *Ibanez* court determined that Wells Fargo as Trustee had not foreclosed on the Mortgage because the Assignment of Mortgage conveying title to the Mortgage to Wells Fargo as Trustee was not completed until after the foreclosure sale.  *Ibanez,* 458 Mass. at 638.

Because the Mortgage exists, the Petitioners may repay their loan and redeem their legal title and thereafter, hold title on their own, or Wells Fargo as Trustee may foreclose under the power of sale provision in the Mortgage, thereby extinguishing Petitioners' equity of redemption.  Until either occurs, however, the Mortgage exists, such that, as a matter of law, Petitioners' title and Wells Fargo as Trustee's title remain separate but complementary claims to the Property.  *Bevilacqua*, 460 Mass. at 775.  Because a try title action may be brought only where record title is "clouded by an adverse claim," and Petitioners cannot show that any such adverse claim exists in this case, they cannot sustain this claim.

**2. *The Ibanez Case did Not Invalidate the Assignment of Mortgage to Wells Fargo as Trustee***

As their only basis for pursuing this action, the Petitioners mistakenly contend that the S.J.C. in *Ibanez* invalidated the Assignment of Mortgage from Option One to Wells Fargo as Trustee, creating an "adverse claim" for title between the parties.  As discussed above, an "adverse claim" is a prerequisite for initiating a try title action, but the relationship between

mortgagee and mortgagor does not constitute an "adverse claim." Contrary to Petitioners' assertions, the court in *Ibanez* did not invalidate the Assignment of Mortgage, negating Wells Fargo's interest in the property, but instead ruled that the foreclosure was improper because Wells Fargo as Trustee failed to show the Land Court that it was the holder of the mortgage at the time of the foreclosure notices and sale. *See Ibanez*, 458 Mass. at 638. Specifically, the *Ibanez* Court noted, "Wells Fargo . . . asserted in its complaint that it has become the holder of the respective mortgage through an assignment made <u>after</u> the foreclosure sale." *Ibanez*, 458 Mass. at 638 (emphasis in original).

As set forth in *Ibanez*, the foreclosure sale of the Petitioners' Property occurred on July 5, 2007. *Id.* at 645. On May 7, 2008, Wells Fargo as Trustee executed the statutory foreclosure affidavit and foreclosure deed. *Id.* "That same day, Option One, which was still the record holder of the [Petitioners'] mortgage, executed an assignment of the mortgage to Wells Fargo as trustee; the assignment was recorded on May 12, 2008." *Id.* The court in *Ibanez* held that Wells Fargo as Trustee had the authority to exercise the statutory power of sale only if it was the assignee of the mortgage at the time of the notice of sale and the subsequent foreclosure sale. *Id.* at 648 citing *In re Schwartz*, 366 B.R. 265, 269 (Bankr. D. Mass.2007) ("Acquiring the mortgage after the entry and foreclosure sale does not satisfy the Massachusetts statute").

The court in *Ibanez* ruled that, because Wells Fargo

> did not have [its] assignment[] to the . . . Larace mortgage[] at the time of the publication of the notice[] and the sale[], [it] lacked authority to foreclosure under G.L. c. 183, § 21, and G.L. c. 244, § 14, and [its] published claim[] to be the present holder[] of the mortgage[] [was] false…Because an assignment of mortgage is a transfer to legal title, it becomes effective with respect to the power of sale only on the transfer; it cannot become effective before transfer. *See In re Schwartz*, *supra* at 269.

9

*Id.* at 653.  As a result, the court in *Ibanez* ruled that Wells Fargo as Trustee did not demonstrate that it was the holder of the Petitioners' Mortgage at the time of the foreclosure.  *Id*. at 655.  However, the court clearly stated that as assignment of mortgage becomes effective with regard to the power of sale on transfer, and failed to provide any comment indicating that the Assignment was "invalid."  *Id.*  Here, the Assignment of Mortgage to Wells Fargo as Trustee became effective on May 7, 2008, which is when the Mortgage was transferred to Wells Fargo as Trustee pursuant to that instrument.  *See id.*

The fact that the loan was securitized and the Pooling and Servicing Agreement may have identified a holder of the Mortgage subsequent to Option One has no impact on the validity of the Assignment of Mortgage to Wells Fargo as Trustee.  *See Ibanez*, 458 Mass. at 651.  In that regard, the court in *Ibanez* held:

> A foreclosing entity may provide a complete chain of assignments linking it to the record holder of the mortgage, or a single assignment from the record holder of the mortgage. *See In re Parrish*, 326 B.R. 708, 720 (Bankr.N.D.Ohio 2005) ("If the claimant acquired the note and mortgage from the original lender or from another party who acquired it from the original lender, the claimant can meet its burden through evidence that traces the loan from the original lender to the claimant"). The key in either case is that the foreclosing entity must hold the mortgage at the time of the notice and sale in order accurately to identify itself as the present holder in the notice and in order to have the authority to foreclose under the power of sale (or the foreclosing entity must be one of the parties authorized to foreclose under G.L. c. 183, § 21, and G.L. c. 244, § 14).

*Id.*  Here, Option One was the record holder of the Mortgage before it was assigned to Wells Fargo as Trustee.  *Id*. at 645.  Therefore, as held in *Ibanez*, the single assignment from Option One as the record holder of the Mortgage to Wells Fargo as Trustee is proper.

The sole basis for Petitioners' try title action was the Petitioners' erroneous interpretation of *Ibanez*.  However, since *Ibanez* only held that the timing of the Assignment failed to support

the foreclosure pursuant to the power of sale and did not address the validity of the Assignment

of Mortgage, the Petitioners have failed to assert an adverse claim to title, and the Petition should

be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice.

     **C.**     **There are No Allegations that Homeward May Have an Adverse Claim to Title**

The Petition describes a potential adverse claim by Wells Fargo as Trustee, albeit

erroneously, based on the recorded Assignment of Mortgage, but makes no mention of any

action or inaction by Homeward.  In fact, other than alleging that Homeward is a "mortgage

servicer," there are no other specific allegations against it.  Although the last paragraph of the

Petition mentions that "there also exists the possibility of an adverse claim by the Respondents,

or other purported assignee of the mortgage recorded with the Hampden County Registry of

Deeds on May 19, 2005, in Book 15029, Page 517, against the LaRaces title to the premises,"

there are not specific facts as to Homeward or, more importantly, an allegation that Homeward

was the assignee of the Petitioners' Mortgage.  The Petitioners fail to allege how Homeward

would possibly have an adverse claim to title, which does not satisfy the heightened pleading

requirement for this Court.  *See Twombly*, 127 S. Ct. at 1965 ("a plaintiff's pleading obligation

still requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do").  Therefore, the Petition should be dismissed as to Homeward.[2]

## IV.    <u>CONCLUSION</u>

Based on the foregoing, the Petitioners have not stated a claim upon which relief can be

granted because the *Ibanez* case did not invalidate the Assignment of Mortgage to Wells Fargo

as Trustee and the existence of the Mortgage does not create an adverse claim between a

---

[2] Homeward reserves its right to seek to recover costs pursuant to M.G.L. c. 240, § 3, which are permitted when the persons notified or summoned to appear disclaim all right and title adverse to the Petitioners.

mortgagor (Petitioners) and a mortgagee (Wells Fargo as Trustee), which is a prerequisite for initiating an action pursuant to M.G.L. c. 240, § 1. Moreover, the Petition should also be dismissed as to Homeward because the Petitioners have failed to plead any basis for an adverse claim by Homeward. Therefore, the Petition to Try Title should be dismissed, with prejudice.

**REQUEST FOR ORAL ARGUMENT**

Respectfully submitted,
Wells Fargo Bank, N.A. as Trustee for ABFC 2005-OPT1 Trustee ABFC Asset Backed Certificates Series 2005-OPT1and Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc.
By Their Attorneys,


*/s/ Justin M. Fabella*_____
Maura K. McKelvey, BBO #600760
Justin M. Fabella, BBO #654859
Hinshaw & Culbertson LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: 617-213-7000 / Fax: 617-213-7001
Email: mmckelvey@hinshawlaw.com

Date: ___September 7, 2012___ jfabella@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I, Justin M. Fabella, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 7, 2012.

*/s/ Justin M. Fabella*
Justin M. Fabella

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I, Justin M. Fabella, Esq., certify that I contacted Petitioners' counsel in good faith to resolve or narrow this issue before the motion was filed.

*/s/ Justin M. Fabella*_____
Justin M. Fabella

12
