## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MARK A. LARACE,
TAMMY L. LARACE

        Petitioners

v.

WELLS FARGO BANK, N.A. AS
TRUSTEE FOR ABFC 2005-OPT1 TRUST
ABFC ASSET BACKED CERTIFICATES
SERIES 2005-OPT1, AMERICAN HOME
MORTGAGE SERVICING, OPTION ONE
MORTGAGE COMPANY,

        Respondents

CIVIL ACTION NO.   12-cv-11545 MAP

## RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION FOR REMAND

      The Respondents, Wells Fargo Bank, N.A. as Trustee for ABFC 2005-OPT1 Trust ABFC

Asset Backed Certificates Series 2005-OPT1 ("Wells Fargo as Trustee") and Homeward

Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. ("Homeward") (collectively,

"Respondents") oppose the Petitioners' Motion for Remand.  The Petitioners' Motion lacks merit

because removal to the United States District Court meets the jurisdictional requirements of

diversity of citizenship and amount in controversy under 28 U.S.C. § 1332.   Therefore, the

Petitioners' Motion for Remand should be denied.

## FACTUAL BACKGROUND

      On or about June 4, 2012, the Petitioners initially filed their Petition to Try Title Pursuant

to G.L. c. 240, §§ 1-5 in the Massachusetts Land Court ("Petition"), which was timely removed

to this Court on August 9, 2012 based on diversity jurisdiction.   See Petition; Notice of

Removal, attached hereto as Exhibit 1.   In their Petition, the Petitioners request that the

Respondents "be summoned to show cause why they should not bring an action to quiet title,"

and that if the Respondents fail to "appear within the time required by law and/or fail to bring an action to Quiet Title within the time limit set by [the] Court, that [the] Court enter an Order that Respondents . . . be forever barred from having or enforcing any claim to title in the property" at issue.  (Petition, Request for Relief (a),(b)).  The Petitioners assert that the Respondents may have an adverse claim against the Petitioners' alleged title to the premises located at 6 Brookburn Street, Springfield, Massachusetts (the "Property"), based on an approximately $103,000.00 mortgage on the Property executed by the Petitioners on May 17, 2005, that was ultimately assigned by the former mortgagee to Wells Fargo as Trustee on May 7, 2008.  (Petition, ¶¶ 2, 9, 23-25).

On August 9, 2012, Homeward, who was served with the Petition on July 20, 2012, timely filed a Notice of Removal in this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1]  See Notice of Removal - Exhibit 1.  Homeward contends that this Court has original jurisdiction over this matter based on the diversity of citizenship between the parties and the amount in controversy.  (Notice of Removal, ¶¶ 6-10).  Plaintiffs, who reside at the Property, are citizens of the Commonwealth of Massachusetts. (Petition, ¶ 2).  Homeward is a corporation organized under the laws of the State of Delaware and has a principal place of business in Coppell, Texas.  (Notice of Removal, ¶ 7).  Wells Fargo is a national banking association organized and existing under the laws of the United States of America with its main office as designated in its Articles of Association in Sioux Falls, South Dakota.  (Id., ¶ 8).  Sand Canyon Corp. f/k/a Option One Mortgage Corporation is a corporation organized under the laws of California with its principal place of business in Irvine, California.  (Id., ¶ 9).

---

[1] The remaining Respondents consented to the removal of this matter.  (Notice of Removal, ¶ 13).

On September 20, 2012, the Petitioners filed their Motion for Remand in this Court, seeking remand based on a lack of subject matter jurisdiction.  Specifically, the Petitioners maintain that the Respondents have not established that the amount in controversy in this matter exceeds $75,000, as required by 28 U.S.C. § 1332(a).  The Petitioners also seemingly contend that this Court lacks subject matter jurisdiction because, in their view, the Land Court maintains exclusive original jurisdiction over try title actions under G.L. c. 185, § 1(d), consequently precluding this Court from considering this case.  Lastly, the Petitioners also seek to recover attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).[2]  For the below reasons, each and every one of these arguments proffered by the Petitioners fails.

## ARGUMENT

As set forth in  28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts have original jurisdiction."  The United States District Courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000.  See 28 U.S.C. § 1332(a); see also Wachovia Bank v. Schmidt, 546 U.S. 303, 306, 126 S.Ct. 941, 944 (2006).  A case which is properly removed from the state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by 28 U.S.C. §1447.  See Ryan v. State Bd. of Elections of State of Ill., 661 F.2d 1130, 1133 (7th Cir. 1981).  Such authorized reasons include procedural defects in removal and lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  Here, the instant matter has been properly removed to this Court, which has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441, despite the Petitioners' assertions, as explained below.

---

[2] A Motion to Dismiss, filed by the Respondents on September 7, 2012, is also pending in this matter.

I.      **The Statutorily-Granted Exclusive Jurisdiction of the Land Court over Try Title Actions Does Not Preclude the Federal Court from Exercising Original Jurisdiction in this Matter.**

Try title actions, such as the Petitioners' action here, are brought forth under G.L. c. 240, §§ 1-5, which "authoriz[es] the one in possession of real estate under title to bring suit to compel any person claiming title thereto to bring an action to try such claim." Whiteside v. Merchants' Nat. Bank of Boston, 284 Mass. 165, 172 (1933) (citations omitted).   As set forth under G.L. c. 185, § 1 (d), such actions brought within the Massachusetts state court system are within the exclusive original jurisdiction of the Land Court.   This statutory grant of exclusive original jurisdiction derives from the fact that the Land Court itself "is a statutory court, not of general but of strictly limited jurisdiction." Riverbank Improvement Co. v. Chapman, 224 Mass. 424, 425 (1916).  Accordingly, the types of actions specifically designated in G.L. c. 185, § 1 as within the exclusive jurisdiction of the Land Court, are to be filed solely in the Land Court and not in other state courts.  See G.L. c. 185, § 1(a)-(j) (emphasis added).[3]

Contrary to the Petitioners' standpoint, however, this statutorily-created original jurisdiction over try title actions in the Land Court does not preempt a federal court's jurisdiction over any try title action.  Indeed, a federal court can consider a try title action under its own congressionally-endowed original jurisdiction, provided that the action is removable under 28 U.S.C. § 1441 and meets the jurisdictional requirements of 28 U.S.C. § 1332.  In fact, "[t]he federal removal statutes explicitly contemplate concurrent jurisdiction in all cases eligible for removal," Mercy Hosp. Ass'n v. Miccio, 604 F.Supp. 1177, 1180 (D.C.N.Y. 1985) (citing 28 U.S.C. §§ 1441-1450),  as "original jurisdiction in state court is a prerequisite for the federal court to acquire derivative jurisdiction by removal." Id. (citing Venner v. Michigan Central Rail

Road, 271 U.S. 127, 46 S.Ct. 444 (1926)).  "The removal statutes by their very purpose and nature take away [a] plaintiff's power to choose the forum in limited cases."  Id.

Furthermore, this Court has considered on several occasions whether a state statute bestowing exclusive original jurisdiction upon a state court can divest the federal court of jurisdiction.  The resounding answer is 'no.'  See Landworks Creations, LLC v. U.S. Fidelity and Guar. Co., No. CIV 05-40072-FDS, 2005 WL 3728719, *3 (D.Mass. Nov. 15 2005) (State statute did not create exclusive jurisdiction in the Superior Court for claims on performance bond, and even if it purported to, the action was nevertheless removable to federal court); Monogram Industries, Inc. v. Zellen, 467 F.Supp. 122, 123 (D.Mass. 1979) (exclusive jurisdiction in state probate court over certain actions against a decedent's estate did not defeat federal jurisdiction where requisite diversity of citizenship and amount in controversy were present).  In Landmark Creations, the Court specifically held that "a grant of exclusive jurisdiction by a state legislature cannot divest [a federal court] of subject matter jurisdiction. Put simply, a state legislature cannot define the scope of federal jurisdiction."  2005 WL 3728719 at *3.

Under the factual circumstances of this case, this Court's original jurisdiction is properly predicated on 28 U.S.C. § 1332(a).  Such competent diversity jurisdiction runs concurrent to the jurisdiction of the Land Court, making this case ripe for removal under 28 U.S.C. § 1441(a) at the Respondents' election.   Accordingly, the Petitioners' "exclusive original jurisdiction" argument must fail.

## II.      The Amount in Controversy Exceeds $75,000 and Therefore Jurisdiction is Proper

The Petitioners maintain that they have not filed an "affirmative" complaint seeking damages from the Respondents in excess of $75,000 because it is the Respondents—as "potential

---

[3] The Land Court may also consider certain types of actions over which it shares concurrent jurisdiction with the

34268784v1  0938243

adverse claimants"—that have the "obligation [under c. 240, § 1] to set out a complaint against the Petitioners with sufficient allegations and facts to establish [a] claim."   (*Petitioners' Memorandum in Support of Their Motion to Remand* (hereinafter, Pet. Mem.), p. 6).  Instead, the Petitioners contend that their Petition seeks only to compel the Respondents to try title and alleges no amount in controversy.

Although the Petitioners correctly state the shifting burden of proof associated with claims brought under c. 240, §§ 1-5, their argument in regard to a non-existent amount in controversy is flawed.  Indeed, the Petitioners have not explicitly demanded monetary relief in their Petition.  However, this lack of demand is not indicative of a lack of an amount in controversy between the parties.  In fact, federal law enables a party to establish the amount in controversy (if not stated within the complaint) upon removal.  Specifically, 28 U.S.C. § 1446 provides, in pertinent part, that:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
> (i) nonmonetary relief; or
>
> * * *
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. 1446 (2) (emphases added).  Here, the Petition asserted nonmonetary relief, and thus the Respondents maintained in their Notice of Removal that the amount in controversy equaled $103,200—the amount equivalent to the principal amount of the Petitioners' first mortgage at issue, exclusive of interest and costs.  (Notice of Removal, ¶ 10).  As held by the First Circuit

---

Supreme Judicial Court. the Superior Court, and the Probate Courts.  See G.L. c. 185, § 1(k)-(t).

34268784v1  0938243

Court of Appeals, the loan amount constitutes the amount in controversy in cases where the complaint seeks to invalidate a loan secured by a deed of trust.  McKenna v. Wells Fargo Bank, N.A., --- F.3d--- (1st Cir. 2012).[4]  Although the try title Petition may result in the Court considering the merits of the adverse claimants' assertion of title, ultimately, the heart of the matter is the mortgage-related dispute as it affects title to the Property.  Therefore, the pecuniary consequence to both parties in this regard far exceeds $75,000.

This is especially true because the Petitioners seek to forever foreclose the Respondents' claim to title as requested in their alternative request for relief.  In other words, the Petitioners are requesting that this Court invalidate Wells Fargo as Trustee's claim to legal title pursuant to its mortgage.  Consequently, the Petitioners' have fundamentally put the mortgage into controversy by filing their Petition.  The mortgage amount is $103,200, which exceeds the amount in controversy requirement of $75,000.

Moreover, this Court can also look to the value of the Property as the amount in controversy between the parties.  It is well settled that "[a] suit to quiet the title to parcels of real property, or to remove a cloud therefrom, . . . is brought within the cognizance of the court . . . only by the value of the property affected."  Jones v. Box Elder County, 52 F.2d 340, 342 (10th Cir. 1931) (quoting Smith v. Adams, 130 U.S. 167, 9 S.Ct. 566 (1889)).  The Petitioners make much of the distinctions between an action to try title and an action to quiet title in their Motion.  See Pet. Mem., pp. 8-9.  In essence, the Petitioners misguidedly assume that, because the amount in controversy in a quiet title action is based on the value of the property, and, because try title actions differ from quiet title actions, a court cannot possibly use the same approach in ascertaining the jurisdictional amount.  However, the distinctions highlighted by the Petitioners

---

[4] Located at McKenna v. Wells Fargo Bank, N.A., No. 11-1650, 2012 WL 3443475 (1st Cir. Aug. 16, 2012).

have no bearing on a federal court's determination as to the amount in controversy in an action to try title. As in quiet title actions, the amount in controversy in a suit to require an adverse claimant to try title likewise depends on the value of the property affected. See e.g., Groves v. Rogers, 547 F.2d 898, 900 (5th Cir. 1977) ("If suit had been brought to try title (as it originally was) . . . the value of the property in question would as a matter of law be included in determining the amount in controversy under 28 U.S.C. § 1332); King v. HSBC Bank USA, N.A., 2012 WL 3204190, *2 (W.D.Tex. Aug. 03, 2012) ("the measure of the amount in controversy in this case, which asserts a claim for trespass to try title and injunctive relief preventing foreclosure, is the value of the property").

In this case, the appraised value of the Property at the time of the filing of the Notice of Removal was between $85,000 and $90,000. See Broker's Price Opinion and Affidavit of Marty Dietter, attesting thereto, attached as Exhs. 2-3). Even considering the lowest appraised value of the Property, the amount in controversy is in excess of $75,000. Whether the Court considers the amount of the loan or the value of the Property, the amount in controversy between the parties in this action exceeds the requisite jurisdictional amount.

**III.   The Petitioners are Not Entitled to Recover Attorney's Fees under 28 U.S.C. § 1447(c) Whether or Not this Court Chooses to Remand this Case to State Court**

Pursuant to 28 U.S.C. § 1447(c), an order remanding a removed case to state court may require payment of attorney fees incurred as a result of the removal—however, the statute does not require a grant of such fees on remand as a matter of course. Because the Petitioners have shown no ground for remanding this action, the Court need not consider an award of costs and fees. Nonetheless, should this Court decide to remand this case, the Petitioners should not be allowed to recover such fees, as the Respondents clearly displayed an objectively reasonable basis for removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711

8

(U.S. 2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."); see also Haggins v. Verizon New England, Inc., 736 F.Supp.2d 326, 300 (D.Mass. 2010) (same); Massachusetts v. Fremont Inv. & Loan, No. 07-11965-GAO, 2007 WL 4571162, *3 (D.Mass. Dec. 26, 2007) ("Because the issues of federal jurisdiction are so complex . . . it cannot be said that [remover's] arguments, though ultimately incorrect, were objectively unreasonable").

Moreover, as illustrated by the e-mail sent by the Respondents' counsel to the Petitioners' counsel (attached by the Petitioners as an exhibit to their Motion for Remand), the Petitioners' counsel was apprised of the precedent supporting the proper removal of this case.  In fact, the Respondents' counsel invited further discussion about the issue of remand in the e-mail so that court intervention could be avoided.  However, rather than review the case law provided, perform independent research, or contact the Respondents' counsel to further discuss the issue, the Petitioners filed the instant motion.  Therefore, the Petitioners have no basis to seek attorney's fees and costs.[5]

## CONCLUSION

The Petitioners have presented no ground for remand of this action to state court. Accordingly, the Petitioners' Motion for Remand should be denied.

---

[5] The Petitioners' counsel has unreasonably caused the Respondents to incur legal fees and costs to respond to this motion. Therefore, the Respondents have a basis to seek an award of their costs, fees, and expenses.  See 28 U.S.C. § 1927; see also Jensen v. Phillips Screw Co., 546 F.3d 59, 64 (1st Cir. 2008) ("The statute [28 U.S.C. § 1927] permits sanctions to be imposed against lawyers who 'multipl[y] the proceedings ... unreasonably and vexatiously.'").

Respectfully submitted,
Homeward Residential, Inc. f/k/a American Home
Mortgage Servicing, Inc.
By Their Attorneys,

 _/s/ Justin M. Fabella_____
Maura K. McKelvey, BBO #600760
Justin M. Fabella, BBO #654859
Hinshaw & Culbertson LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: 617-213-7000 / Fax: 617-213-7001
Email:  mmckelvey@hinshawlaw.com
Date:   October 4, 2012                          jfabella@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Justin M. Fabella, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 4, 2012.

 _/s/ Justin M. Fabella_____
Justin M. Fabella

34268784v1 0938243